# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1383 | **DATE** | 3/14/2001 |
| **CASE TITLE** | CENTENNIAL INSURANCE CO. vs. TRANSIT ALL SERVICES, INC.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court grants Centennial's and denies Transitall's cross-motion for judgment on the pleadings as to Transitall's counterclaim for declaratory judgment [18-1 and 22-1]. Status hearing set for 3/30/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 1 5 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 27 |
| | Mail AO 450 form. | | C.S. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTENNIAL INSURANCE COMPANY, a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> TRANSITALL SERVICES INC., an Illinois corporation, and HANDLEMAN COMPANY, a Michigan corporation, <br><br> Defendants. <br><br>------------------------------------------------<br> TRANSITALL SERVICES, INC., <br><br> Counter-plaintiff, <br><br> v. <br><br> CENTENNIAL INSURANCE COMPANY, HANDLEMAN COMPANY, and FEDERAL INSURANCE COMPANY, <br><br> Counter-defendants. | 00 C 1383 <br><br> Judge Ronald A. Guzman |

## MEMORANDUM OPINION AND ORDER

This is a declaratory judgment action involving an insurance company, a trucking company, the trucking company's customer whose goods disappeared during transit, and the customer's insurance company. Plaintiff Centennial Insurance Co. ("Centennial") and defendant/counter-plaintiff Transitall Services, Inc. ("Transitall") have cross-moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as to Transitall's Counterclaim for Declaratory Judgment. For the following reasons, the Court grants Centennial's motion and denies Transitall's motion.

## FACTS

This declaratory judgment involves a motor carrier cargo insurance policy issued by Centennial to Transitall, policy number 259010536, which provided property insurance for

Transitall's customer's goods during shipment unless the causes of the loss were specifically excluded from the policy. In addition, the policy stated:

> In the event of "loss" involving property in your care, custody or control, we have the right to:
>
> 1. Settle the loss with the owners of the property. A receipt for payment from the owners of that property will satisfy any claim of yours.
>
> 2. Provide a defense for legal proceedings brought against you. If provided, the expense of this defense will be at our cost and will not reduce the applicable Limit of Insurance under this insurance.

(Def.'s Counterclaim for Declaratory J, Ex. A, Policy Section H.) Centennial alleges that pursuant to the policy language, it owes no duty to defend Transitall in the underlying litigation in the United States District Court for the Northern District of Ohio entitled *Handleman and Federal Ins. Co. v. Transitall and Centennial* ("Ohio litigation"). Transitall, of course, disagrees and has counterclaimed seeking a declaratory judgment against Centennial, Handleman (owner of the goods), and Federal Insurance Company (Handleman's insurer) regarding whether: (1) Centennial has breached its contract of insurance by failing to provide a defense to Transitall in a suit brought by Handleman in Ohio; (2) Centennial is estopped from asserting policy defenses due to its failure to defend, (3) Centennial is estopped from asserting policy defenses due to its conflict of interest in defending Centennial, and (4) Centennial is liable for attorneys' fees and costs pursuant to 215 ILL. COMP. STAT. 5/155 because it breached its contractual obligations to Transitall by failing to defend Transitall, settle with the owner, and disclose its conflict of interest. Transitall's counterclaims are the subject of this Memorandum Opinion and Order.

## DISCUSSION

A Rule 12(c) motion for judgment on the pleadings will be granted only if it appears beyond a doubt that the plaintiff cannot prove any facts that would support a claim for relief. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). The moving party must show that no issue of material fact needs to be resolved, and the moving party should be granted judgment

as a matter of law. *National Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987).

Transitall opines that, regardless of whether the insurer has undertaken a duty to defend in the policy language, an insurer's duty to defend arises when the complaint in the underlying litigation alleges facts within the coverage of the policy. On the other hand, Centennial argues that the duty to defend is contractual and therefore the court must look to the clear and unambiguous language in the insurance policy to determine whether the insurer has a duty to defend.[1]

"The insurer's duty to defend its insured arises from the undertaking to defend as stated in the contract of insurance." *Zurich Ins. Co. v. Raymark Inds., Inc.*, 514 N.E.2d 150, 161 (Ill. 1987); *see J.C. Penney Cas. Ins. Co. v. Professionals Ins. Co.*, 586 N.E.2d 222, 225-27 (Ohio Ct. App. 1990) (stating that duty to defend "arises from the contractual relationship" and that "duty to defend does not depend solely on the allegations of the underlying tort complaint"). Thus, "[t]he extent of an insurer's duty to defend is determined by the language in the contract/policy." *Lifschultz Fast Freight, Inc. v. Transcontinental Freight Sys., Inc.*, No. 91 C 688, 1993 WL 787511, at *4 (N.D. Ill. Aug. 24, 1993). If the insurer has undertaken to defend in the contract language, then an "insurer may not refuse the tendered defense of an action unless a comparison of the policy with the underlying complaint shows on its face that there is no potential for coverage." *Solo Cup Co. v. Federal Ins. Co.*, 619 F.2d 1178, 1183 (7th Cir. 1980); *see Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 655 N.E.2d 842, 846 (Ill. 1995) (stating that insurer can "avoid its duty to defend . . . if the language of the policy unambiguously shows that .

---

[1] Before analyzing the merits of the case, a district court sitting in diversity jurisdiction must address the choice of law issue even though the parties did not brief the issue. *Mass. Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998). A federal court sitting in diversity jurisdiction must apply the law of the forum state with regard to choice of law issues. *Zurich Ins. Co. v. Sunclipse, Inc.*, 85 F. Supp. 2d 842, 849 (N.D. Ill. 2000). However, choice of law rules are applied only when a difference in the law will effect the outcome of the case. *See Int'l Adm'rs, Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1376 (7th Cir. 1985.) As discussed further in this opinion, in Illinois and Ohio, the substantive law regarding an insurer's duty to defend is the practically the same. *Compare Zurich Ins. Co. v. Raymark Inds., Inc.*, 118 Ill. 2d 23, 48, 514 N.E.2d 150, 161 (Ill. 1987), *with J.C. Penney Cas. Ins. Co. v. Professionals Ins. Co.*, 586 N.E.2d 222, 225-27 (Ohio Ct. App. 1990). Thus, it makes no difference to the outcome of this case whether the Court applies Illinois law rather than Ohio law.

. . [it] did not contract to defend the actions"); *Red Head Brass, Inc. v. Buckeye Union Ins. Co.*, 735 N.E.2d 48, 54 (Ohio Ct. App. 1999) (noting that insurer was obligated by contract to defend and then analyzing whether underlying complaint contained a claim arguably within scope of policy coverage).

Accordingly, the Court looks to the language of the policy to determine whether Centennial has a duty to defend. The policy provides:

**H. Privilege to Adjust with Owner**

In the event of "loss" involving property of others in your care, custody or control, we have the right to:

1. Settle the loss with the owners of the property. A receipt for payment from the owners of that property will satisfy any claim of yours.

2. Provide a defense for legal proceedings brought against you. If provided, the expense of this defense will be at our cost and will not reduce the applicable Limit of Insurance under this insurance.

(Def.'s Counterclaim for Declaratory J, Ex. A, Policy Section H.) Further, the policy provides:

**D. Coverage**

We will pay for "loss" to Covered Property from any of the Covered Causes of "Loss."

1. Covered property

Covered property, as used in this Coverage Form, means property of others in due course of transit under your tariff, bill of lading, shipping receipt, or contract of carriage issued by you.

....

3. Covered Causes of "Loss"
Covered Causes of "loss" means your legal liability as a carrier for risks of direct physical "loss" to Covered Property except those causes of "loss" listed in the Exclusions.

(*Id.*, Policy Section D.)

Transitall argues that Sections D and H, when read together, create a duty to defend. The Court disagrees. Section D merely provides that Centennial will pay for any loss of covered property that occurs due to any of the covered causes and that Centennial will not pay when the

causes of loss are listed in the exclusions. Section H, entitled "Privilege to Adjust with Owner" unambiguously states that Centennial has the right to settle the loss with the owners of the property and that Centennial also has the right to provide a defense for legal proceedings brought against the insured. Transitall argues that the Court should blue pencil an "or" between those two rights. The Court declines to do so because the provision is unambiguous. However, even if this Court were to read the clause as disjunctive instead of conjunctive, it would not effect the outcome in this case. The plain language of the policy states that Centennial has the *right*, which is clearly distinguishable from the *duty*, to settle and provide a defense. Reading the policy as a whole, it is clear that Centennial has the right but is not obligated to defend Transitall even if Centennial opts not to settle with the owner. Moreover, because the policy language is so unambiguous, the Court finds that any expectation that a defense would be provided was unwarranted.

Transitall argues that if the policy language is read to allow Centennial to choose whether or not to defend, the insurance policy would be rendered meaningless. Again, the Court disagrees. As discussed above, Section D of the policy provides that Centennial will pay for any loss of covered property that occurs due to any of the covered causes and that Centennial will not pay when the causes of loss are listed in the exclusions. Whether the cause of the loss in this case is likely to be excluded by the policy is a matter which will no doubt be decided in the Ohio litigation. If the cause of the loss is not excluded by the policy, Transitall surely will not argue that the insurance policy is meaningless because the loss will be paid by Centennial. Thus, the Court rejects Transitall's theory that the policy is useless.

Accordingly, with regard to Count I of Transitall's counterclaims, the Court grants Centennial's motion for judgment on the pleadings and denies Transitall's cross-motion because Centennial has not breached the insurance contract by declining to defend Transitall in the Ohio litigation. In addition, because Counts II, III, and IV of Transitall's counterclaims presume that Centennial either has a contractual duty to defend or a contractual duty to settle, the Court grants Centennial's motion and denies Transitall's cross-motion as to these counts as well.

## CONCLUSION

For the forgoing reasons, the Court grants Centennial's and denies Transitall's cross-motion for judgment on the pleadings as to Transitall's Counterclaim for Declaratory Judgment [docket nos. 18-1, 22-1].

**SO ORDERED**　　　　　　　　　　　ENTERED: 3/14/01

*Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States Judge**